**IN THE UNITED STATES DISTRICT COURT
OF MASSACHUSETTS
Boston Division**

| | |
|---|---|
| ELLEN MARIE CHRISTENSEN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS BANK DELAWARE and STILLMAN LAW OFFICE, LLC,<br><br>Defendants. | Civil Action No. _____<br><br>**Removed from the Superior Court of Suffolk County, Massachusetts, case no. SUCV2018-02638-BLS2** |

## NOTICE OF REMOVAL

Defendant Barclays Bank, Delaware ("Barclays"), by counsel, hereby removes this action from the Superior Court of Suffolk County, Massachusetts to the United States District Court of Massachusetts pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and in support thereof states as follows:

1. This action is being removed to federal court based on federal question jurisdiction.

2. On or about August 22, 2018, Plaintiff Ellen Marie Christensen filed her Complaint in the Superior Court of Suffolk County, Massachusetts (the "State Court" and "State Court Action").  A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

3. The Complaint was served upon Barclays fewer than thirty days preceding the filing of this Notice.

4.     Attached as part of **Exhibit 1** is a copy of all other pleadings, motions, and/or papers which have been filed with the State Court in the State Court Action (including, without limitation, the original Civil Action Cover Sheet and Complaint).

5.     As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Barclays has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## GROUNDS FOR REMOVAL

### I.     Barclays Has Satisfied The Procedural Requirements For Removal.

6.     Plaintiff sent counsel for Barclays a copy of the Complaint and request for waiver of service of the summons on October 2, 2018.  Barclays accepted service on October 11, 2018.  Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

7.     The Stillman Law Office, LLC consents to removal of this matter to this Court.

8.     Concurrently with the filing of this Notice of Removal, Barclays is giving written notice of removal to Plaintiff's counsel (by serving Plaintiff's counsel with a copy of this Notice of Removal, together with all exhibits) and by filing a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. § 1446(d).  A copy of the State Court Notice of Filing of Notice of Removal, without its exhibits, is attached hereto as **Exhibit 2**.

### II.    Removal Is Proper Because This Court Has Subject Matter Jurisdiction.

9.     United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America.  *See* 28 U.S.C. § 1331.

10.    Removal of such cases is governed by 28 U.S.C. § 1441(a).  Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this matter involves a federal question. Namely, Plaintiff's Complaint purports to assert a claim for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq. See* Exhibit 1, generally and ¶¶ 6, 12, 36.

12. Plaintiff's Complaint alleges violations of a federal statute—the FDCPA—and consequently Plaintiff's claims "arise[] under" the laws of the United States. *See* 28 U.S.C. § 1331. Therefore, this Court may properly exercise jurisdiction over this action.

13. Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

14. Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's state-law claims.

15. Venue lies in this District because the State Court Action is pending in Superior Court of Suffolk County, Massachusetts, which is within this District and Division. *See* 28 U.S.C. §§ 1441 and 1446(a).

16. Barclays has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by the filing of this Notice.

WHEREFORE, Defendant Barclays Bank Delaware, by counsel, respectfully removes this action from the Superior Court of Suffolk County, Massachusetts to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, and requests that this Court retain jurisdiction for all further proceedings in this matter.

DATED:  October 31, 2018

**REED SMITH LLP**

By: */s/ David Casale*
David A. Casale
20 Stanwix Street, Suite 1200
Pittsburgh, Pennsylvania 15222
412-288-3131 (telephone)
412-288-3063 (facsimile)
dcasale@reedsmith.com
*Attorneys for Defendant*
*Barclays Bank, Delaware*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of this Notice of Removal was served on October 31, 2018, via first class mail, upon the following:

Stillman Law Office, LLC
50 Tower Office Park
Woburn, Massachusetts 01801

Kenneth D. Quat, Esq.
Quat Law Offices
929 Worcester Road
Framingham Massachusetts 01701
Counsel for Plaintiff

                              By: */s/ David Casale*
                                    David A. Casale